NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ELIAS MENDEZ, | No. 08-74512 |
| Petitioner, | Agency No. A020-680-513 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

    Jose Elias Mendez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying a continuance where Mendez did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (IJ may grant motion for a continuance for good cause shown); *Baires v. INS*, 856 F.2d 89, 92-93 (9th Cir. 1988). It follows that Mendez's due process challenge fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Mendez has waived any challenge to the BIA's determination that he is statutorily ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), and for cancellation of removal for permanent residents under 8 U.S.C. § 1229b(a). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised in opening brief are deemed waived).

We lack jurisdiction to consider Mendez's contentions regarding IJ bias and his mother's testimony because he failed to exhaust these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We do not consider Mendez's contention that the IJ erred in concluding that Mendez's 1994 conviction is an aggravated felony because the BIA did not rely on that ground as a basis for its dismissal of Mendez's appeal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**